United States Bankruptcy Court
Southern District of Mississippi

In re:     Case No. 25-01329-JAW
Catherine Mack     Chapter 13
      Debtor

# CERTIFICATE OF NOTICE

District/off: 0538-3     User: admin     Page 1 of 1
Date Rcvd: Aug 15, 2025     Form ID: n029     Total Noticed: 1

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 17, 2025:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | Catherine Mack, 1421 Woodfield Dr, Jackson, MS 39211-2030 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).
NONE

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.
NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Aug 17, 2025     Signature:     /s/Gustava Winters

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 15, 2025 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Harold J. Barkley, Jr. | HJB@HBarkley13.com  hbarkley13@ecf.epiqsystems.com;trusteeMSSB2M@ecf.epiqsystems.com |
| James Eldred Renfroe | on behalf of Creditor TRUSTMARK NATIONAL BANK jrenfroe@mslawfirm.biz kridge@mslawfirm.biz;orenfroe@mslawfirm.biz |
| Thomas Carl Rollins, Jr | on behalf of Debtor Catherine Mack trollins@therollinsfirm.com jennifer@therollinsfirm.com;trollins.therollinsfirm.com@recap.email;notices@therollinsfirm.com;kerri@therollinsfirm.com;breanne@therollinsfirm.com;TRollins@jubileebk.net;calvillojr81745@notify.bestcase.com |
| United States Trustee | USTPRegion05.JA.ECF@usdoj.gov |

TOTAL: 4

Form n029−Notice (Rev. 12/24)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

In re:  Catherine Mack                                                                         Case No. 25−01329−JAW

                                                                                                                    Chapter 13

**NOTICE OF REQUIREMENT TO FILE CERTIFICATE OF**
**COMPLETION OF A PERSONAL FINANCIAL MANAGEMENT COURSE**

Subject to statutory exceptions, pursuant to 11 U.S.C. § 727(a)(11) and 11 U.S.C. § 1328(g)(1) an individual debtor must complete an instructional course in personal financial management to receive a discharge under chapter 7 (11 U.S.C. § 727) and chapter 13 (11 U.S.C. § 1328).

Pursuant to Fed. R. Bankr. P. 1007(b)(7) unless an approved provider of an instructional course concerning personal financial management has notified the court that the debtor completed the course in financial management after filing the petition or the debtor is not required to complete the course as a condition for discharge, an individual debtor* in a Chapter 7 or Chapter 13 case must file a certificate of course completion ("Certificate of Debtor Education") issued by the provider for cases under:

<u>Chapter 7</u>   Within 60 days after the first date set for the meeting of creditors under § 341 of the Code.

<u>Chapter 13</u>  Before the last payment is made under the plan or the filing of a motion for entry of discharge under § 1328(b).

Failure to file the certificate within the applicable time limit under Rule 1007(c) may result in the case being closed without an entry of a discharge. If the debtor later files a Motion to Reopen the Case for the purpose of filing the certificate, the debtor must pay the full reopening fee due for filing the motion.

This requirement can be completed any time before the deadline, but it is <u>highly recommended</u> that the debtor complete this requirement as soon as possible to avoid missing the deadline.

The Certificate of Debtor Education should not be confused with the Certificate of Credit Counseling, which should be filed with the petition.

Dated: 8/15/25                                          Danny L. Miller, Clerk of Court
                                                               Thad Cochran U.S. Courthouse
                                                               501 E. Court Street
                                                               Suite 2.300
                                                               Jackson, MS 39201
                                                               601−608−4600

*In a joint case, each debtor must complete the financial management course and file a certificate of course completion.